# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ANDRE J. JONES, #78086**  **PETITIONER**

**V.**  **CIVIL ACTION NO. 1:13-CV-477-KS-MTP**

**RON KING**  **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court denies the relief sought in the Petition for Writ of Habeas Corpus [1]. The Petition [1] is dismissed with prejudice.

### I. BACKGROUND

In November 2008, a jury found Petitioner guilty of murder. On November 10, 2008, he was sentenced to life in prison. On January 7, 2009, he filed a notice of appeal. He raised two issues: 1) that the evidence was insufficient to support the verdict, and 2) that the verdict was not supported by the weight of the evidence. On May 10, 2010, the Mississippi Supreme Court affirmed the verdict. *Jones v. State*, 39 So. 3d 860, 867 (Miss. 2010). It later denied Petitioner's Motion for Rehearing, *Jones v. State*, 2010 Miss. LEXIS 404 (Miss. Aug. 5, 2010), and the United States Supreme Court denied Petitioner's Petition for a Writ of Certiorari. *Jones v. Mississippi*, 131 S. Ct. 932, 178 L. Ed. 2d 775 (2011).

On March 18, 2011, Petitioner filed an "Application for Leave to Proceed in Trial Court with Post-Conviction Motion," in which he challenged certain findings of the trial judge, claimed that there was newly discovered evidence, alleged prosecutorial misconduct, and claimed ineffective assistance of trial counsel. On April 13, 2011, the

Mississippi Supreme Court denied the motion.

On May 27, 2011, Petitioner filed a second "Application for Leave to File Motion for Post-Conviction Collateral Relief," in which he claimed ineffective assistance of counsel during trial and on appeal. On July 20, 2011, the Mississippi Supreme Court dismissed the motion as a successive writ pursuant to MISS. CODE ANN. § 99-39-27. It further held: "Notwithstanding the procedural bar, . . . the petition is without merit." Petitioner sought a rehearing of the motion, but the motion was denied.

On August 15, 2011, Petitioner filed his Petition for Writ of Habeas Corpus [1] in this Court. He raises four grounds challenging his conviction: 1) that the evidence was insufficient to support the verdict, 2) ineffective assistance of trial counsel, 3) ineffective assistance of appellate counsel, and 4) that the verdict was not supported by the weight of the evidence.

## II. DISCUSSION

### A.  *Evidence Insufficient to Support the Verdict*

First, Petitioner argues that the State failed to offer any evidence that he killed anyone. Specifically, he notes that the State offered no witness who actually saw him stab the victim. Upon a challenge to the sufficiency of the evidence, the court determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see also Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992). The evidence can be "sufficient to support a conviction even though the facts also

support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley*, 968 F.2d at 468. "Where, as in this case, a state appellate court thoughtfully reviews the issue of sufficiency of the evidence, that court's determination is entitled to great weight." *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985).

It is undisputed that Petitioner and the victim had been arguing prior to the murder. Vernon Barnes testified – contrary to Petitioner's testimony – that Petitioner and the victim had also been physically fighting earlier in the day, prior to the fight at Barnes' house that ended in the victim's death. Barnes testified that Petitioner walked into the kitchen, came back with a knife, and started punching the victim. Although Barnes did not see Petitioner stab the victim, he testified that he exited the house with Petitioner after the victim fell, that Petitioner held the murder weapon as they exited, and that Petitioner licked the victim's blood from the knife.

After a detailed review of the evidence, the Mississippi Supreme Court concluded that the evidence was sufficient to support the verdict. It stated:

> In the instant case, there was testimony that [Petitioner] was the first person to grab the knife and that he attacked [the victim]. The case largely consisted of the State's witnesses' testimony against [Petitioner's] testimony. This presents a factual dispute to be resolved by a jury. We cannot conclude that any rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt, when the evidence is viewed in the light most favorable to the State.

*Jones*, 39 So. 3d at 867. The Mississippi Supreme Court's determination on this issue is "entitled to great weight." *Parker*, 763 F.2d at 666. After a thorough review of the record, the Court concludes that it agrees with the Mississippi Supreme Court. The evidence, when viewed "in the light most favorable to the prosecution," is sufficient to

support a guilty verdict by a rational trier of fact. *Jackson*, 443 U.S. at 319.

## B.     *Ineffective Assistance – Trial*

Petitioner argues that his trial counsel erred by proceeding to trial on a theory of self-defense, while Petitioner claims that he never admitted to killing anyone in self-defense. He previously asserted this claim in his second "Application for Leave to File Motion for Post-Conviction Collateral Relief," which the Mississippi Supreme Court dismissed as a successive writ pursuant to MISS. CODE ANN. § 99-39-27.

"When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. The independent and adequate state ground doctrine applies to bar federal habeas when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement." *Moore v. Hargett*, 83 F.3d 699, 701-02 (5th Cir. 1996). For this doctrine to apply, "the state courts adjudicating a habeas petitioner's claims must explicitly rely on a state procedural rule to dismiss the petitioner's claims." *Id.* at 702. This Court "presumes that the state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Id.*

A petitioner can avoid the procedural bar by "establishing that the procedural rule is not strictly or regularly followed," or he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* To demonstrate "cause," the petitioner must show that "something external to

[him], something that cannot be fairly attributed to him," prevented him from complying with the procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). "To show a fundamental miscarriage of justice, a petitioner must show that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (punctuation omitted).

The bar on successive writs at Miss. Code Ann. § 99-39-27(9) is a procedural bar that functions as an independent and adequate ground in support of the judgment. *See Lockett v. Anderson*, 230 F.3d 695, 701 n. 5 (5th Cir. 2000). It is strictly and regularly followed. *See Moore*, 83 F.3d at 703. Petitioner has not demonstrated an external cause for the default or that he is innocent of the crime of conviction. Therefore, this ground for relief is procedurally barred.

## C.   *Ineffective Assistance – Appeal*

Petitioner argues that his appellate counsel erred by failing to raise the issues herein on direct appeal. Like his claim of ineffective assistance of trial counsel, Petitioner previously asserted this claim in his second "Application for Leave to File Motion for Post-Conviction Collateral Relief," which the Mississippi Supreme Court dismissed as a successive writ pursuant to MISS. CODE ANN. § 99-39-27. Therefore, this ground for relief is also procedurally barred.

## D.   *Verdict Not Supported by Weight of Evidence*

Finally, Petitioner argues that the jury's verdict was not supported by the weight of the evidence. "A reversal based on the weight of the evidence . . . draws the . . . court into questions of credibility. The 'weight of the evidence' refers to a

5

determination by the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." *Tibbs v. Florida*, 457 U.S. 31, 37-38, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982). Therefore, "[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the weight of the evidence . . . ." *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *see also Lattimore v. King*, No. 4:11-CV-71-GHD-SAA, 2014 U.S. Dist. LEXIS 110590 (N.D. Miss. Aug. 11, 2014). This ground for relief is denied.

### III. CONCLUSION

For these reasons, the Court denies the relief sought in the Petition for Writ of Habeas Corpus [1]. The Petition [1] is dismissed with prejudice.

SO ORDERED AND ADJUDGED this 15th day of September, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE